FLORENCE H. DUNNING, PLAINTIFF AND APPELLEE, v.
JOHN L. REID, DEFENDANT AND APPELLANT.

Submitted March 19, 1908—Decided June 8, 1908.

1. The judge of a District Court, in dealing with a motion for a
   new trial on the ground of excessive damages, has the same
   power, under the statute, as a court of common law in putting
   the plaintiff to an election of accepting a reduced verdict or a
   new trial.
2. On a breach of contract to install a furnace heating apparatus in
   a dwelling-house, the discomfort of the owner, with whom the
   contract was made, because the apparatus failed to heat the
   house as agreed, is a consequence of the breach of the contract
   within the contemplation of the parties, and therefore a legitimate
   basis for the award of damages for such breach.

On appeal from the District Court of Orange.

Before Justices PARKER and VOORHEES.

For the plaintiff and appellee, *Howe & Davis*.

For the defendant and appellant, *William A. Lord*.

The opinion of the court was delivered by

PARKER, J.  This action was based on a written contract
of the defendant to install steam heating apparatus in the
plaintiff's house according to certain specifications, which
contract contained a guarantee that the apparatus should be
sufficient to heat all the rooms and halls to seventy degrees
in zero weather.  The work appears to have been done in
February, and the apparatus was used to some extent for the
remainder of the season.  In April the plaintiff complained
to the defendant of its insufficiency, but the defendant, ac-
cording to the plaintiff's testimony, urged his responsibility
and reputation as a guarantee that any defects would be
made good, and in view of such representation the apparatus
was then paid for.  Subsequently it proved unsatisfactory
to the plaintiff, and the defendant then declined to do any

more to remedy the alleged defects. This suit was brought in the District Court of Orange for defective performance of the contract, a jury was impaneled, and, after trial, returned a verdict in favor of the plaintiff for $250. The defendant moved for a new trial, and after argument the court decided that the damages were excessive and directed that a new trial be granted unless the plaintiff would consent to accept a verdict of $125, which the plaintiff agreed to do, and, accordingly, judgment was entered for that amount, notwithstanding the objection of the defendant that the court had no power to make this disposition of the case.

A number of points are raised on this appeal.

It is first urged that a motion to nonsuit was made in the case and should have prevailed, because the plaintiff, having paid the contract price, waived any claim of damages, and is estopped from setting up such claim. The answer to this is that the jury were justified in finding that such payment was made only after the defendant's assurance that he would be responsible and make good any defects, and in view of that assurance.

The next reason is that there was no evidence of any damage to the plaintiff; and another reason is that there was no competent evidence that the defendant had failed to carry out that contract.

The next reason, that there was no evidence to support a verdict for $250, is met by the court's action in setting it aside as excessive.

It is also claimed that the court had no right to reduce the verdict to $125 in any case, and certainly not against defendant's objection.

Section 17 of the District Court act of 1898 (*Pamph. L., p.* 559), empowers the judge in every case tried in any of said courts to order a new trial, to be had on such terms as he shall think reasonable. We understand this as conferring on judges of district courts as full and ample power in ordering new trials in their courts as obtain in courts of common law jurisdiction; and such courts constantly exercise the power of giving the plaintiff the option of accepting a reduced verdict, or

being put to a new trial, in cases where the right of recovery is established but the verdict appears excessive. It is sufficient, without going outside of our own state, to cite the cases of *New Jersey Flax Co.* v. *Mills,* 2 *Dutcher* 60; *Budd* v. *Hiler,* 3 *Id.* 43, 49; *Rafferty* v. *Bank of Jersey City,* 4 *Vroom* 368; *Newell* v. *Clark,* 17 *Id.* 363, 380; all of which were based on contracts; and the scaling down of verdicts in tort cases for personal injuries is too common a practice to require citation. As this point is not treated in appellant's brief and no oral argument was had, we assume it is not seriously pressed as a reason.

The last reason urged is that the court had no right to enter a judgment for $125, because there was no evidence on which to base a verdict for any such amount. The special count in the state of demand alleges that because of the defendant's failure to perform his contract "plaintiff has been injured and claims damages to the sum of $300." There is no bill of particulars of the claim. So far as related to the expense of making the heating plant comply with the contract, the defendant himself gave testimony tending to show that in order to give the furnace the necessary capacity, it was necessary to add two rings at $40 each, and to lower the cellar floor at a cost of $20 more, making a total of $100. It further appears that on account of the insufficiency of the heater, the house had been cold for two winters, so that the plaintiff had to wear wraps and naturally suffered much discomfort. No objection was made to this evidence, and the discomfort of the plaintiff was, in our view, a consequence of failure to perform the contract that was well within the contemplation of the parties, and which the jury were entitled to consider in awarding damages. On the record presented we cannot ascertain either what elements of damage the court presented to the jury or what they considered in making up their verdict; but if there was evidence on which the jury might legitimately find a verdict for the amount fixed by the court, the judgment will not now be disturbed. Such evidence appearing, as we have just seen, the last reason is without force.

The judgment will be affirmed.